**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>MELVIN KATZ<br>                 DEBTOR. | Chapter 7<br>Case No. 01-41068-JBR |
| DAVID M. NICKLESS<br>                 PLAINTIFF<br>v.<br><br>MARK J. AARONSON *et al.*<br>                 DEFENDANTS. | Adversary Proceeding 05-4124 |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS COUNTS I THROUGH VII OF THE AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Before the Court is the Defendants' Motion to Dismiss Counts I through VII of the Amended Complaint for Lack of Subject Matter Jurisdiction [# 34] and the Trustee's Opposition thereto [#39]. The Motion to Dismiss seeks a dismissal of all counts on the grounds that the Amended Complaint is, at its essence, an impermissible attempt to have this Court exercise jurisdiction over assets of a partnership in which the Debtor is a partner. The Trustee argues that as the assignee of the Debtor's partnership interest, and because cause exists, he has the right to seek a winding up of the partnership business and ultimately a sale of its assets.

**FACTS**

The relevant facts are largely undisputed. On or about July 19, 1988 the Debtor, along with Marlene Markarian and Defendants Mark J. Aaronson, Leon Hovsepian[1] and

---

[1] Mr. Hovsepian and his wife owned their partnership interest as joint tenants with rights of survivorship. He is deceased and by agreement of the parties he, or more

Sara Hovsepian formed LeMar Crossing Unlimited (the "Partnership"), a Massachusetts partnership, to own, develop, lease and operate property, including real property. At the same time the LeMar Crossing Trust, of which Defendant Aaronson is the trustee (the "LeMar Trustee"), was established to hold certain property. Under the Declaration of Trust, the LeMar Trustee is to "hold any and all property which may be transferred to the Trustee hereunder for the *sole* benefit of the Partnership." "Article First" of the Declaration of Trust, a copy of which is attached to the Amended Complaint (emphasis added). "Article Third" of the same document provides in part that "The TRUSTEE hereunder shall hold the principal of the Trust and receive the income therefrom or [sic] for the benefit of the *Partners* and shall pay over the principal and income pursuant to the directions of the Partners at least annually." (Emphasis added). Currently the LeMar Trustee holds legal title to real estate located at 246 Boston Turnpike, Shrewsbury, Massachusetts, a commercial mixed-use property which is the Trust's primary, and perhaps only, asset.

Originally the Debtor and Ms. Markarian collectively owned a one-third interest in the Partnership as tenants in common. Ms. Markian's interest has been transferred to the Chapter 7 Trustee in settlement of an adversary proceeding brought against her by the Chapter 7 Trustee. The collective Partnership interest now held by the Chapter 7 Trustee, however, has been reduced to approximately 10% as a result of offsets to the Debtor/Markarian capital account.

On February 27, 2001 the Debtor filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code and shortly thereafter the Chapter 7 Trustee was

---

precisely his estate, will be dismissed from this proceeding.

2

appointed.

The Partnership Agreement provides in pertinent part:

> Except as otherwise expressly provided in this Partnership Agreement, dissolution of the Partnership shall be subject to the provisions of Chapter 108A of the Massachusetts General Laws, as now constituted or hereafter amended or substituted. Unless otherwise required by law or by court order and subject to the provisions of ARTICLE XIV of this Partnership Agreement, the Partnership business shall not terminate upon the occurrence of any event causing dissolution of the Partnership. Any successor by operation of law to a surviving Partner's interest, including by way of example and not by way of limitation, a guardian, a receiver, or a trustee in bankruptcy, shall be deemed an assignee having the rights which an assignee of such Partner's interest would have under the provisions of the said Chapter 108A of the Massachusetts General Laws.

In June 2005 the Chapter 7 Trustee filed the instant adversary proceeding. The Defendants moved to dismiss those counts in the original complaint that sought a declaration that the Partnership was dissolved by the Debtor's bankruptcy (Count I), an accounting pursuant to M.G.L.c. 108A, §§ 21 and 22 (Count II),[2] and an order permitting the Chapter 7 Trustee to sell the Partnership's assets (Count VI) on the grounds that this Court lacked subject matter jurisdiction. After a hearing the Court dismissed Counts I and II without prejudice and dismissed Count VI. The Chapter 7 Trustee was also given 30 days within which to file an amended complaint. It is that Amended Complaint which the Defendants seek to have dismissed.

---

[2] Count II was styled as a count for dissolution and its prayer for relief asked for an order dissolving the Partnership. The allegations within that Count, however, spoke to the Defendants' failure to give the Chapter 7 trustee an accounting and that the Partnership had undertaken acts without the consent required under the Partnership Agreement.

3

**DISCUSSION**

When ruling on a motion to dismiss for lack of subject matter jurisdiction, a court must construe the complaint liberally, taking all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiff. "Dismissal can be justified only if it clearly appears that no colorable hook exists upon which subject matter jurisdiction may be hung." *Royal v. Leading Edge Products*, 833 F.2d 1, 1 (1st Cir. 1987). Because federal courts, including this court, are courts of limited jurisdiction, subject matter jurisdiction may not be presumed to exist. Rather the plaintiff must demonstrate its existence. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). The quantum of proof required is a preponderance of the evidence. *In re Geauga Trenching Corp.*, 110 B.R. 638, 642 (Bankr. E.D.N.Y 1990).

**Bankruptcy Court Jurisdiction**

Bankruptcy court subject matter jurisdiction emanates from the district court's jurisdiction under 28 U.S.C. § 1334 which endows the district court with original and exclusive jurisdiction for cases that are "under title 11," that is, the actual bankruptcy case commenced by the filing of a petition under one of the applicable chapters of the Bankruptcy Code, and original but not exclusive jurisdiction for civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334 (a) and (b). The district courts may refer bankruptcy cases as well as civil proceedings which arise in or under the Bankruptcy Code and those related to bankruptcy cases to the bankruptcy courts. 28 U.S.C. § 157(a). In Massachusetts, the district court has referred the broadest possible universe of cases which a bankruptcy court could hear, namely all cases over which the district court may exercise jurisdiction under either § 1334 (a)

4

or (b). LR, D. Mass 201.

Because the adversary proceeding is not the same as the bankruptcy case, the Court must determine whether the adversary proceeding, which is a civil proceeding, "arises under" the Bankruptcy Code, "arises in" a case under the Bankruptcy Code, or is "related to" the bankruptcy case; if the adversary proceeding falls within none of the aforementioned categories, then this Court has no jurisdiction.

> Proceedings "'arise under' title 11 if they involve a "cause of action created or determined by a statutory provision of title 11." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987). In contrast, proceedings "arising in" a bankruptcy case "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id*. at 97. Together, proceedings that "arise in" and "arise under" title 11 constitute the bankruptcy court's "core" jurisdiction. See 28 U.S.C. § 157(b); Id., at 96-97.

*Concerto Software, Inc. v. Vitaquest Intern., Inc.*, 290 B.R. 448, 452 (D.Me 2003).

A bankruptcy court has jurisdiction over a non-core proceeding provided the proceeding is "related to" a bankruptcy case. The breadth of the bankruptcy court's related to jurisdiction is great but it is not unlimited. "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir. 1991) (quoting *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)) . Proceedings which are outside the boundaries of § 1334 (a) or (b), that is, proceedings which do not fall even within the "related to" jurisdiction, are outside of the subject matter jurisdiction of a bankruptcy court. In an adversary proceeding, the court must determine whether it has jurisdiction, with respect "to each cause of action or right of recovery pled. This is the

5

only interpretation which would adequately heed the constitutional concerns in Marathon." *Ralls v. Docktor Pet Centers, Inc.*, 177 B.R. 420, 425 (D. Mass. 1995).

Although "[t]he distinction between "core" and "non-core" matters does not affect the Court's subject matter jurisdiction to hear a matter," *Treadway v. United Bank & Trust Co. (In re Treadway)*, 117 B.R. 76, 81 (Bankr.D.Vt.1990), the difference is critical in determining whether a bankruptcy court may enter final orders. In core matters it has this authority; in non-core matters it may only do so with the consent of the parties. 28 U.S.C. § 157.

It is axiomatic that the mere bankruptcy of a partner does not bring the partnership's assets within the jurisdiction of the bankruptcy court. A debtor's interest in a partnership is an asset of the debtor's estate under 11 U.S.C § 541; the assets of the partnership are not. *In re Olszewski*, 124 B.R. 743, 746-47 (Bankr. S.D. Ohio 1991); *Normandin v. Normandin (In re Normandin)*, 106 B.R. 14 (Bankr. D. Mass. 1989). Before a partner is entitled to receive his share of the partnership's property, or his right to the profits of the partnership, if any, the partnership's creditors are entitled to payment. Consequently, a trustee of a partner's estate cannot rely upon 11 U.S.C. § 363(f) to sell partnership property. *Olsewski*, 124 B.R. at 746-47.

Despite the general rule that the simple act of a partner's filing of bankruptcy does not confer jurisdiction over the partnership's assets does not mean that a bankrupt partner's estate includes only his personal property interest in the partnership. It includes certain rights given to him by law and/or contract, including the rights to seek an accounting, and to request a judicially supervised wind-up and termination of the partnership. *In re Smith*, 185 B.R. 285, 291 (Bankr. S.D. Ill. 1995) ("limited partner's

6

right to obtain dissolution of the partnership [is] a right which belongs to the individual partner and not to the partnership). Massachusetts law provides that one of those rights is the right of *any* partner to seek a windup of the partnership for cause. M.G.L. c. 108A, § 37.[3] "When a limited partner is a debtor in bankruptcy, these rights [given to partners by agreement or law] are legal or equitable interests of the debtor within the ambit of 11 U.S.C. § 541(a)(1) and become property of the bankruptcy estate." *In re Smith*, 185 B.R. 285, 290 - 91 (Bankr. S.D.Ill. 1995).

With the foregoing general principles in mind, the Court now turns to examine the Amended Complaint.

**The Amended Complaint**

The overarching problem with the Amended Complaint is that it confuses dissolution of a partnership with its termination and subsequent wind up of the partnership business. They are not the same.

> "Dissolution" is a term of art under the Uniform Partnership Act meant to describe a change in the ownership relationships of the partnership. Specifically, it is defined as "the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." G.L. c. 108A, § 29. On dissolution, the partnership is not terminated, but rather continues until the winding up of partnership affairs is completed. G.L. c. 108A, § 30. "Winding up" is similarly a term of art under the Uniform

---

[3]Section 37 provides:

> Unless otherwise agreed the partners who have not wrongfully dissolved the partnership or the legal representative of the last surviving partner, not bankrupt, has the right to wind up the partnership affairs; provided, that any partner, his legal representative, or his assignee, upon cause shown, may obtain winding up by the court.

7

> Partnership Act, although it is not defined in the statute itself.
> Federal cases provide some guidance, stating that, "
> 'winding up' ... describes the process that occurs during the
> period following dissolution and preceding termination,
> during the course of which work in process is completed,
> partnership assets are sold, creditors are paid, and the
> business of the partnership is brought to an orderly close."
> *Adams v. United States*, 218 F.3d 383, 388 (5th Cir.2000).

*Anastos v. Sable*, 443 Mass. 146, 151-52, 819 N.E.2d 587, 591-92 (Mass. 2004).

Without a termination of the partnership, the Chapter 7 Trustee cannot reach the Partnership's assets. He only holds the Debtor's *interest* in the Partnership.

As with the original complaint, the title given to each of the eight counts of the Amended Complaint does not always parallel the relief requested in each count's prayer for relief; the allegations which the Chapter 7 Trustee asserts with respect to specific counts also suggest that the relief he is seeking may not be adequately reflected by the caption he has given each count. As a result it is necessary to examine the Amended Complaint in some detail.

**Count I:Declaratory Judgment**

This Count seeks a declaratory judgment that the dissolution of the partnership was not wrongful or otherwise in contravention of the Partnership Agreement. This statement is correct as a matter of law. The Partnership was dissolved by the bankruptcy of one of the partners. M.G.L. c. 108A, §31.

The Count also contains a prayer that the Court declare that the Defendants have failed or refused to wind up the Partnership affairs within a reasonable period of time following dissolution and order them to do so. This statement presumes that the remaining partners were obligated to wind-up the Partnership's affairs. Because termination of a partnership is different from it's dissolution, termination is not a

8

necessary consequence of dissolution. M.G.L. c.108A, § 29 provides:

> The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business.

Moreover the Partnership Agreement, a copy of which is appended to the Amended Complaint, provides that the Partnership shall not terminate upon dissolution. See Partnership Agreement at Article XVI. Although Katz's bankruptcy dissolved the Partnership, it did not terminate the Partnership or its business. The Partnership is not under any obligation to terminate itself and wind-up its business just because it was dissolved.

In Count I's prayer for relief, the Chapter 7 Trustee also asks that the Court order the immediate wind-up of the Partnership. Count I fails to even cite M.G.L. c. 108A, § 37, which as the Court noted previously, permits any partner, or his legal representative such as a bankruptcy trustee, to seek a court order for the winding up of a partnership business **upon cause shown**. Up to and including paragraphs 1 through 27 of the complaint (that is, through the end of Count I), the Chapter 7 Trustee does not even allege anything that rises to the level of cause.

Finally the Chapter 7 Trustee seeks costs and attorneys' fees to which he is not entitled.

Because prayers of relief in Count I are premised on the incorrect assumption that dissolution of the partnership leads to the termination and wind up of the partnership's business, and because this Court lacks jurisdiction over the Partnership's assets if the only basis for such jurisdiction is the mere filing of the Debtor's bankruptcy, Count I will be **DISMISSED**.

9

**Count II: M.G.L. c. 108A, § 27**

In this Count, the Chapter 7 Trustee states he is entitled to a formal accounting from the last accounting forward. This statement is correct. M.G.L. c. 108A, § 27 provides:

> (1) A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled.
>
> (2) In case of a dissolution of the partnership, the assignee is entitled to receive his assignor's interest and may require an account from the date only of the last account agreed to by all the partners.

This section gives the Chapter 7 Trustee the right to an accounting from the date of the last accounting to the present.[4] At oral argument, the Defendants' counsel argues that there has never been an accounting and that the Chapter 7 Trustee has refused her offer to inspect the Partnership's books. That may be but her argument is not competent evidence and therefore is not entitled to any weight.

Despite its caption, the requests in Count II go beyond a request for an

---

[4]M.G.L. c. 108A, § 19 also gives him the right of inspection.

> The partnership books shall be kept, subject to any agreement between the partners, at the principal place of business of the partnership, and every partner shall at all times have access to and may inspect and copy any of them.

10

accounting. The Chapter 7 Trustee asks for the right to sell the Debtor's Partnership interest, and costs and attorneys fees and finally, in the prayer for relief "requests the court to enter an order dissolving the partnership...." Because the Debtor's *interest* in the Partnership is an estate asset, the Chapter 7 Trustee may move to sell the estate's 10% interest in the Partnership in a private or public sale. Yet, as set forth above, he is not entitled to sell the Partnership's assets: the simple act of the Debtor's filing bankruptcy does not give this Court jurisdiction of the Partnership's assets. Consequently so much of Count II as seeks relief beyond the request for an accounting will be **DISMISSED**. To the extent that Count II seeks an accounting pursuant to state law, a right which is an intangible asset of the Debtor's estate and over which this Court has jurisdiction, the motion will be **DENIED**.

**Count III: Winding up of the Partnership**

This Count contains what really is the crux of the Amended Complaint and possibly provide a basis for termination and wind-up of the Partnership. The Chapter 7 Trustee alleges that the Defendants did not obtain the consent of all partners in determining whether or not to make distributions and to lease properties or enter contracts. He also alleges the LeMar Trustee has not paid over the Trust's income at least annually as required by the trust documents. If the chapter 7 trustee can establish cause, he will be entitled to an order to wind up the Partnership. M.G.L. c. 108A, § 37.

The Defendants argue that a bankrupt partner cannot seek a wind-up under § 37. The statute prohibits the bankrupt from supervising the wind up; it does not preclude a bankruptcy trustee from seeking a wind-up and termination of a partnership.

11

*Normandin*, 106 B.R. at 16 ("A partner who has filed a bankruptcy petition is also denied the right to participate in the wind up process. Mass.Gen.L. ch. 108A, § 37."). "In giving a partner's bankruptcy filing the automatic effect of partnership dissolution, and in denying the debtor partner the right to control the wind up process, the drafters of the Uniform Partnership Act clearly contemplated that its provisions and not those of bankruptcy law would control the wind up process. There is nothing in § 363 which expresses a contrary intent on the part of Congress." *Id.*

The Defendants also argue that the Chapter 7 Trustee cannot seek a wind up of the Partnership even if he could prove cause because "winding up does not necessarily mean that the assets Partnership must be liquidated" and further alleges that because the Partnership Agreement provides for the continuation of the Partnership if it is dissolved, "any order to wind up would not include the sale and termination of the Partnership business." The Defendants' arguments are incorrect.

Dissolution, winding up of partnership business, and termination of the partnership are separate events. "The order of events is: (1) dissolution; (2) winding up; and (3) termination. Termination extinguishes their (the partners) authority. It is the ultimate result of the winding up and occurs at the conclusion of the winding up." *In re Luster, Friedman and Co.*, 8 B.R. 183, 185 (Bankr. N.D.Ill. 1981). *See also Anastos*, 443 Mass. at 151-52, 819 N.E.2d at 591-92 ("'winding up' ... describes the process that occurs during the period following dissolution and preceding termination during the course of which work in process is completed, partnership assets are sold, creditors are paid, and the business of the partnership is brought to an orderly close." ) (internal quotations omitted). What the Partnership Agreement provides for in this case is the

12

*dissolution* does not set off the chain of events leading to the ultimate termination of the Partnership. There is nothing in the Partnership Agreement to prevent the Chapter 7 Trustee from asserting his right as assignee of the Debtor's partnership rights to seek a winding up of the Partnership under M.G.L. c. 108A, § 37.

Having determined that the Chapter 7 Trustee has the right to seek a winding up of the Partnership and, if he proves "cause" may obtain an order for winding up the business of the Partnership does not lead to the conclusion that the Chapter 7 Trustee is the appropriate party to oversee the winding up of the Partnership. He is not as the statute makes clear: "Unless otherwise agreed the partners who have not wrongfully dissolved the partnership or the legal representative of the last surviving partner, *not bankrupt*, has the right to wind up the partnership affairs...." Nor does it follow that this Court is the most appropriate forum in which to conduct such proceedings. Nevertheless, to the extent that Count III seeks the wind up for cause of the Partnership and the right to seek such a remedy is an asset of the Debtor's estate, this Court has at least "related to" jurisdiction. Therefore the Motion to Dismiss will be DENIED.

### Count IV: M.G.L. c. 108A, § 28

The Chapter 7 Trustee seeks to use his strong arm powers under section 544 of the Bankruptcy Code in concert with M.G.L. c. 108A, § 28 to obtain accountings for the Partnership and the Trust, have a receiver appointed for the Partnership, and have the Court issue a charging order to sell the Partnership's assets.

The Chapter 7 Trustee's strong arm powers are determined with reference to state law. See 4 COLLIER ¶¶ 544.05, 544.06, 544.08. In this instance the Chapter 7 Trustee alleges M.G.L. c. 108A, § 28 permits him to reach the Partnership assets. That

13

section provides:

> (1) On due application to the superior court by any judgment creditor of a partner, such court may charge the *interest of the debtor partner* with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require.
>
> (2) The interest charged may be redeemed at any time before foreclosure, or in case of a sale being directed by the court may be purchased without thereby causing a dissolution:
>
>> (a) With separate property, by any one or more of the partners, or
>>
>> (b) With partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold.
>
> (3) Nothing in this chapter shall be held to deprive a partner of his right, if any, under the exemption laws, as regards his interest in the partnership.

This section permits a partner's judgment creditor to charge the partner's *interest* in the partnership, nothing more. It gives the Chapter 7 Trustee what he already has: the right to ultimately sell the Debtor's 10% interest in the Partnership. It does not give him access to the Partnership's assets.

The Trustee also asks for the appointment of a receiver over the partnership assets. Section 105(a) of the Bankruptcy Code prohibits the appointment of a receiver "in a case under this title." Although the use of the foregoing phrase suggests that the prohibition applies only the actual bankruptcy case itself and not civil proceeding such as the instant adversary proceeding, the Court is aware of only one reported decision in

14

which a bankruptcy court where appointed a receiver over non-debtor partnership assets. The facts of that case, In re Schlein, 178 B.R. 82 (Bankr. E.D. Pa. 1995), are quite distinguishable from those before this Court. In Schlein all of the interested parties agreed that a receiver should be appointed to wind up the affairs of the partnership and settle the accounts; the only issue was whether the bankruptcy or state court would control that appointment. The court was certain that the accounting would end up in bankruptcy court even if a state court receiver were appointed. Therefore the court appointed a receiver to avoid duplicative actions.

This Court agrees with other courts which have examined Schlein.and refused to follow its lead. In re Clayton, 1996 WL 537852, *3 (Bankr.E.D.Pa.)("Appointing a receiver of an independent, healthy entity such as Penntech, over its vociferous objection, is another matter. We believe that such an action would be akin to our placing Penntech in an involuntary bankruptcy case without allowing it to raise the defenses or according to it the protections set forth in 11 U.S.C. § 303. We would therefore be most reluctant to taken any such actions in any circumstances."). Assuming that this Court has jurisdiction to appoint a receiver in an adversary proceeding, a view which if correct certainly strains at the outer boundaries of bankruptcy court jurisdiction, appointing a receiver to wind up a non-debtor partnership directly contradicts M.G.L. c. 108A, § 37 which denies a debtor-partner the right to supervise the wind-up. There is nothing in the Bankruptcy Code to suggest that Congress intended this result.

In this Count the Chapter 7 Trustee is also seeking an accounting for both the Partnership and the Trust. As noted earlier, he is entitled to an accounting of the

15

Partnership. He may also be entitled to an accounting from the Lemar Trustee. Although generally only "a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin or obtain redress for a breach of trust., Restatement (Second) of Trust, § 200, the Declaration of Trust is inconsistent in declaring both the Partnership as the sole beneficiary and the partners as its beneficiaries. On the current record the Court cannot say that there are no set of facts the Chapter 7 Trustee can prove which would entitle him to this relief. Moreover that certain facts which will deny the Chapter 7 Trustee's the right to a Partnership accounting ultimately may come to light is not relevant at this stage of the proceedings. Nor will Court prejudge whether the Trustee is likely to establish cause thereby triggering the wind up of the Partnership and all rights to an accounting that flow from that process. Nevertheless this Count is essentially one to reach Partnership assets using the Chapter 7 Trustee's strong arm powers and the appointment of a receiver. Because he cannot use his strong arm powers to reach these assets and because the Court will not appoint a receiver even if it has the power to do so, Count IV will be **DISMISSED.**

### Count V: Breach of Fiduciary Duties

This Count alleges that the Defendants breached their fiduciary duties by failing to wind up the Partnership and by failing to obtain proper consents for certain actions. The former is not a breach of fiduciary duties as there is no obligation to follow the dissolution of the Partnership with its wind up; the failure to obtain consents, however, may be just such a breach. Therefore the Motion to Dismiss will be DENIED with respect to Count V.

ach-katz-memo.TIF

**Count VI: Breach of Partnership Agreement**

This Count is virtually identical to Count V except that this Count sounds in breach of contract while Count V is breach of fiduciary duty. For the reasons stated above, the Motion to Dismiss will be DENIED with respect to Count VI.

**Count VII: Sale of Partnership assets pursuant to 11 U.S.C. § 105(a)**

In this Count the Chapter 7 Trustee seeks permission to sell the Partnership's assets and alleges that the sale of the Partnership's assets would yield the bankruptcy estate more than sale of only the Debtor's interest in the Partnership. Even assuming that the Debtor's 10% interest in the sale proceeds would yield significantly more than a sale of his Partnership interest, he cannot reach the Partnership's assets in this manner. Section 105(a) does not provide a basis for jurisdiction where none otherwise exists. Therefore Count VII will be DISMISSED.

**Abstention**

The crux of the Amended Complaint involves the Chapter 7 Trustee's attempts to reach and sell the Partnership assets, a result which he cannot achieve directly in the Debtor's bankruptcy. Seeking to accomplish indirectly what he cannot do directly, the Chapter 7 Trustee seeks a court-ordered wind up of the Partnership and the appointment of a receiver to wind up and account for the Partnership assets. These kinds of actions are better suited for state court. *In re Clayter*, 174 B.R. 134, 141 (Bankr. D. Kan. 1994). Moreover, assuming that the Court has jurisdiction to appoint a receiver, the Court will not do so in this case and thus, even if the Chapter 7 Trustee establishes cause to wind up the Partnership, who will supervise the wind up since state law is clear: it cannot be a debtor. Because of these facts the Court should

consider whether to exercise its power to abstain. In this case the interest of justice, and respect for State law, mandate in favor of abstention. Therefore the Court will enter an order abstaining pursuant to 28 U.S.C. § 1334(c)(1).

Dated: May 1, 2006

*/s/ Joel B. Rosenthal*
Joel B. Rosenthal
United States Bankruptcy Judge